IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ernestine W. Reid, Plaintiff, v. Michael J. Astrue, Commissioner of Social Security Administration, Defendant. | ) | C/A No. 0:11-2249-JMC-PJG **REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Ernestine W. Reid ("Reid"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In June 2008, Reid applied for DIB, alleging disability beginning May 9, 2006. (Tr. 126.) Reid's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on March 11, 2010, at which Reid, who was represented by Bradley W. Bledsoe, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on March 29, 2010 finding that Reid was not disabled. (Tr. 59-68.)

Reid was forty-seven years old at the time of her alleged disability onset date. (Tr . 156.) She has a high-school education and past relevant work experience as a weaver. (Tr. 161, 166.) In

her application, Reid alleged disability since May 9, 2006 due to lower back, neck, and shoulder problems, as well as high blood pressure. (Tr. 160.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since May 9, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*).

* * *

3. The claimant has the following severe impairments: degenerative disc disease of cervical spine, status post diskectomy and fusion, with myelopathy, and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

* * *

5. . . . [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; occasional stooping, twisting, crouching, kneeling, crawling, balancing, reaching overhead with bilateral upper extremities, climbing of stairs or ramps; no climbing of ladders or scaffolds; avoidance of hazards such as unprotected heights, vibration and dangerous machinery.

* * *

6. The claimant is capable of performing past relevant work as a textile weaver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from May 9, 2006, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 61-68.) On June 24, 2011, the Appeals Council denied Reid's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age,

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



PJG

education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**ISSUES**

Although Reid does not list the specific issues she raises for judicial review, she appears to argue that the ALJ erred in discounting the opinion of one of her treating physicians and in failing



PJG

to properly evaluate her subjective complaints of pain. The court will address each of those issues below.

## DISCUSSION

### A. Treating Physician

The plaintiff argues that the ALJ failed to properly evaluate the opinion of Dr. Michael Kilburn, one of Reid's treating physicians. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

In a letter dated February 5, 2010, Dr. Kilburn stated the following:

> It is my professional opinion that Ms. Ernestine Reid is completely disabled and unable to work because of issues related to cervical spondylotic myeloradiculopathy. She has had extensive surgical surgery to prevent ongoing and progressive injury to her spinal cord, but has residual effects of her initial spinal cord compression and is

> unable to work. If you require further information, please do not hesitate to contact my office.

(Tr. 349.) In giving this opinion little weight, the ALJ observed that it was written over a year after Dr. Kilburn last examined Reid and that it is inconsistent with Dr. Kilburn's own treatment notes. (Tr. 63.) In discussing Dr. Kilburn's treatment notes, the ALJ further observed that Dr. Kilburn was Reid's primary treating neurologist from May 2008 through February 2009 and his diagnoses included cervical stenosis, myeloradiculopathy, and axial neck pain. The ALJ also considered a May 2008 MRI that "showed degenerative disc disease with bony degenerative changes in mid cervical spine and formanial narrowing of varying degrees at multiple levels bilaterally" and a May 2008 admission to Self Regional Healthcare for "multiple level cervical diskectomy, decompression and fusion at levels C4-5, C5-6, and C6-7." (Tr. 63.) In discussing follow-up visits through August 2008, the ALJ observed that Reid's diagnoses included cervical spondylotic stenosis and spinal cord impingement and that Reid reported improvement with the dysfunction in her hands and with her problems with balance and walking, including improvement or resolution of problems with her hand function, her gait, and her numbness with discomfort in her shoulder with neck stiffness and tightness. The ALJ also stated that after attending eleven physical therapy sessions in October 2008, Reid was discharged with minimal improvement and that in December 2008, Dr. Kilburn stated that Reid's complaints "were suggestive of fibromyalgia with disc bulging C6-7," and Reid had "no evidence of neural impingement or deformity and no compression on the neural structures in neck." (Id.) The ALJ indicated that during Reid's next visit with Dr. Kilburn in February 2009, Dr. Kilburn noted that the cervical surgery was successful and relieved Reid's upper extremity discomfort; that Reid reported "pain at the cervical incision site, which had a keloid, and diffuse pain in her hands,

back, and legs;" and that Reid may have co-morbid problems related to connective tissue disease or fibromyalgia. No further treatment was recommended. (Tr. 63.)

Additionally, the ALJ observed that none of Dr. Kilburn's treatment records assessed any restrictions or limitations on Reid. Further, the ALJ stated that Dr. Kilburn's statement was issued over a year after he last treated Reid and that no treatment notes accompanied his opinion. The ALJ noted that Dr. Kilburn's opinion appeared to be based on Reid's subjective complaints rather than an examination or objective findings. The ALJ therefore found that Dr. Kilburn's opinion was not supported by his treatment notes and was not consistent with the overall findings of other health professionals included in the record. Finally, the ALJ observed that opinions on whether a claimant is disabled are reserved to the Commissioner. (Tr. 66.)

Reid appears to argue that the ALJ erred in giving Dr. Kilburn's opinion little weight and failed to properly apply the factors specified in 20 C.F.R. § 404.1527(d). Upon review of the ALJ's decision and the record in this matter, the ALJ explicitly discussed the factors in § 404.1527(d). Although Reid may point to selective records that may support Dr. Kilburn's opinions, such as a note that "residual neurological deficits are common and may take sometime [*sic*] to resolve if they resolve at all" for patients with Reid's condition (Tr. 352), Reid has failed to demonstrate that the ALJ's opinion is unsupported by substantial evidence or controlled by an error of law.[2] See 20 C.F.R. § 404.1527(d)(2) (stating that a treating physician's opinion is only given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record"); 20 C.F.R. § 404.1527(e)

[2] To the extent that Reid mentions or relies on treatment notes that are not contained in the record, the court observes that, based on the current posture of the case, the court is limited to the record before it.

(stating that opinions that a claimant is "disabled" or "unable to work" are reserved to the Commissioner); Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986) (stating that the opinion of a non-examining physician can constitute substantial evidence to support the decision of the Commissioner); Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functioning capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); see also Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (finding that an ALJ may weigh other factors brought to his or her attention that tend to support or contradict a treating physician's opinion) (quoting Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003)).

**B. Reid's Credibility**

Reid next argues that the ALJ erred in failing to properly evaluate Reid's complaints of pain. In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility,


PJG

supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

After summarizing Reid's testimony (Tr. 64), the ALJ concluded that Reid's "medically determinable impairments," which the ALJ found to include *degenerative disc disease of cervical*

*spine status post diskectomy and fusion, with myelopathy and obesity*, "could reasonably be expected to produce some of the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 64-65.) In reaching this conclusion, the ALJ found that Reid's "alleged impairments did not occur with such frequency or severity as to affect her ability to perform basic work related activities on a sustained basis." (Tr. 65.) Further, the ALJ observed that Reid

> is able to take care of her own personal needs including bathing, dressing and feeding herself. She is able to do some household chores, prepare meals, shop and drive a car. The claimant's described daily activities are indicative of a fairly active and varied lifestyle and are not representative of a significant restriction of activities, constriction of interests, or impaired social functioning.

(Id.)

With regard to Reid's alleged *back pain and left leg weakness*, the ALJ found that there was not objective medical evidence showing the existence of these impairments which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged by Reid. The ALJ noted that the record did not show any specialized treatment, physical therapy, or surgical intervention for these alleged impairments and that Reid's CT scans/myelograms were essentially unremarkable.

Accordingly, the ALJ found as follows:

> The claimant's assertions regarding activities, and the statements from examining sources with regard to non-exertional limitations, led to a conclusion that the degree of incapacitation was not as severe as expressed in the testimony and pre-hearing statements. While the evidence of record substantiates some restrictions on the claimant's ability to engage in work-related activities, the evidence as a whole does not substantiate that the total ability is so markedly limited as to prevent the performance of all work. Considering the lack of any emergency room visits, intensive inpatient or outpatient hospital visits, no regular or specialized treatment, no documented strength deficits, the lack of prescription for strong pain medication, the paucity of objective findings of abnormality, and the lack of substantiation of the



PJG

> asserted degree of impairment by the clinical findings, I find the claimant's allegations are less than fully credible.

(Tr. 65.)

Reid appears to argue that the ALJ erred in failing to acknowledge or discuss the fact that Reid complained of pain to medical treatment providers before and after surgery. However, as indicated above, the ALJ discounted Reid's complaints of back pain and left leg weakness at Step One of the sequential evaluation. Reid's reliance on her subjective reports to her medical providers and argument that although Dr. Kilburn could not find objective, diagnostic evidence of her pain, "he clearly did not discount the validity of her complaints and thought that there must be some other medical reason," (Pl.'s Br. at 20, ECF No. 13 at 20), are insufficient to render the ALJ's findings unsupported by substantial evidence or controlled by an error of law. With regard to Reid's other allegations of pain, the court has reviewed all of the medical records cited by Reid in her brief in support of her credibility. Although some of these selective records may support Reid's credibility, they do not render the ALJ's decision unsupported. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence). Further, the ALJ's decision reveals that he considered the factors listed in 20 C.F.R. § 404.1529(c)(3) in evaluating Reid's credibility. Accordingly, upon review of the record, the ALJ's decision, and the parties' arguments, the court finds that Reid has failed to demonstrate that the ALJ's credibility analysis was not supported by substantial evidence or was controlled by an error


PJG

of law. See Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's allegations "need not be accepted to the extent that they are inconsistent with available evidence"); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005) (noting that a claimant's routine activities, including reading, cooking, exercising, attending church, cleaning house, washing dishes, doing laundry, and visiting, were inconsistent with her complaints); Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (*per curiam*) (finding that the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (indicating that a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss").

**RECOMMENDATION**

For the foregoing reasons, the court finds that Reid has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 24, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).nsdal/go;sefhoisrhig